# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DWAYNE ASHFORD, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JAMES E. TILTON, Secretary of California ) <br> Department of Corrections and Rehabilitation, ) <br> et al., ) <br> ) <br> Defendants. ) | Civil No. 07cv147 JM (WMc) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 33.]** |

    Plaintiff, proceeding pro se and in forma pauperis ("IFP") with a civil rights Complaint [Doc. No. 1] filed pursuant to 42 U.S.C. § 1983, and currently incarcerated at Calipatria State Prison, has submitted a motion in which he requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1). [Doc. No. 33.]

    "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

/ / /

/ / /

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff contends that he meets the exceptional circumstances showing because his imprisonment leaves him with limited space to house the legal materials necessary to litigate a complex case. (Plaintiff's Motion, Doc. No. 33, p 1:23-28.) After an evaluation of: (1) the merits of Plaintiff's case, wherein he alleges having suffered "retaliatory racialized lockdowns" (Complaint at 7:1-2.)"; and (2) the ability of Plaintiff to articulate his claims, which are not complex, the Court finds exceptional circumstances do not presently exist to warrant appointment of counsel at this time. Specifically, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. In fact, Plaintiff has successfully filed the instant motion for appointment of counsel and a recent motion for enlargement of time to file objections, which was granted by the District Judge and allows Plaintiff ample time to prepare a legal memorandum in light of limits on his access to the prison's legal library. [Doc. Nos. 37-38.]

**Conclusion and Order**

Accordingly, under the circumstances of this case, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 33].

**IT IS SO ORDERED.**

DATED: September 25, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court